FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GINA MARYANN CROZIER,

                Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

No.   2:14-CV-0248-SMJ

**ORDER DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION AND GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION**

Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 12 & 18. Plaintiff Gina Maryann Crozier appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 3. Plaintiff contends the ALJ erred at step five of the sequential evaluation process by (1) failing to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony, and (2) considering the opinions of treating physicians and psychiatrists incorrectly. ECF No. 12 at 10-11. Plaintiff believes that the Court should reverse the ALJ's denial of benefits. The Acting Commissioner of Social Security asks the Court to affirm the ALJ's decision.

The Court has reviewed the record and relevant authority. For the reasons set forth below, the Court affirms the judgment of the ALJ.

ORDER **-** 1

At the time of the hearing, Plaintiff was 39 years old, weighed 240 pounds, was separated from her husband, and had three children living with her, aged 19, 15, and three. She testified that she understands math at a fourth grade level and has a poor spelling ability. This caused her to leave community college after three quarters. Plaintiff worked as a nurse's assistant until September 2007. Plaintiff believes she is entitled to benefits as a result of numerous severe physical and mental conditions that have left her unable to work. Plaintiff testified that she suffers from carpal tunnel syndrome, consistent back pain, plantar fasciitis, knee problems, depression, dyslexia, and headaches, among others.

Plaintiff has been treated for the physical impairments by Dr. Duncan W. Lahtinen, D.O., at the Doctors' Clinic and Dr. Kurt A. Anderson, M.D., at the Orthopaedic Specialty Clinic of Spokane. Spokane Mental Health and Family Service Spokane have treated Plaintiff's mental impairments.

Plaintiff filed an application for disability benefits on December 8, 2010. The application was denied. Her request for reconsideration was also denied. Plaintiff requested a hearing. At the hearing, the ALJ denied benefits on the ground that Plaintiff was not disabled, since she can perform light work and is capable of performing the requirements of certain occupations that exist in significant numbers in the national economy. Plaintiff now brings this action

ORDER - 2

pursuant to 42 U.S.C. § 405(g), claiming the ALJ's decision is not supported by substantial evidence.

**A.     Disability Determination**

A "disability" is the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one asks whether the claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If she does not, the disability claim is denied. If she does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the

ORDER - 3

claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If she can, her disability claim is denied. If she cannot, her disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work but cannot,

ORDER **-** 4

considering her age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**B.    Standard of Review**

An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1052 (9th Cir.2006); 42 U.S.C. §§ 405(g), 1383(c)(3). 'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir.2007). The Court considers the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter,* 504 F.3d at 1035. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995). Where the evidence can reasonably support either affirming or reversing a decision, the Court may not substitute its judgment for that of the ALJ. *Andrews,* 53 F.3d at 1039.

**C.    Analysis**

ORDER - 5

Through the five-step framework, the ALJ found that the Plaintiff was not disabled. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2007. ECF No. 9 at 23. At step two, the ALJ concluded Plaintiff has several severe physical and mental impairments as defined under the Social Security Act and Regulations. ECF No. 9 at 23–24. At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically requires the requisite severity. ECF No. 9 at 24. The ALJ found at step four that Plaintiff is unable to perform any past relevant work as a nurse's assistant. ECF No. 9 at 32. Finally at step five, the ALJ concluded that Plaintiff, despite certain limitations and requirements, has the residual functional capacity to perform light work and is capable of performing the requirements for certain jobs that exist in significant numbers in the national economy. ECF No. 9 at 27-34.

Plaintiff argues that the ALJ's conclusions at step five are not supported by substantial evidence and should be reversed because the ALJ (1) erroneously discredited her subjective symptom testimony and (2) improperly considered medical opinions. ECF No. 12 at 10, 18.

1.   Crozier's Testimony

Plaintiff testified that, because of her many ailments, her children and friends do almost everything for her including vacuuming, cleaning, dishes,

ORDER - 6

1  driving, and grocery shopping.  ECF No. 9 at 51-68.  The ALJ concluded that "the

2  claimant's statements concerning the intensity, persistence, and limiting effects of

3  these symptoms are not credible" to the extent they are inconsistent with the

4  residual functional capacity assessment.  ECF 9 at 28.

5        A claimant's statements about her impairments, restrictions, and daily

6  activities are evidence. 20 C.F.R. § 416.912(b)(3). By themselves, however, they

7  are not enough to establish the existence of disability. 20 C.F.R. § 416.929(a). A

8  claimant has a two-part burden of production: "(1) she must produce objective

9  medical evidence of an impairment or impairments; and (2) she must show that

10  the impairment or combination of impairments could reasonably be expected to

11  (not that it did in fact) produce some degree of symptom." *Smolen v. Chater,* 80

12  F.3d 1273, 1282 (9th Cir.1996) (explaining *Cotton v. Bowen,* 799 F.2d 1403,

13  1407–08 (9th Cir.1986)).

14        Ms. Crozier fulfilled her burden of production.  The ALJ found that

15  "claimant's medically determinable impairments could reasonably be expected to

16  cause the alleged symptoms."  ECF No. 9 at 28.  But the ALJ also found that "the

17  claimant's statements concerning the intensity, persistence, and limiting effects of

18  these symptoms are not credible to the extent they are inconsistent with the above

19  residual functional capacity assessment."  ECF No. 9 at 28.

20

ORDER **-** 7

1    A credibility determination involves a careful examination of the record as

2  a whole. The ALJ must decide whether the claimant's "statements can be believed

3  and accepted as true." SSR 96–7p (S.S.A.), 1996 WL 374186, at *4. If there is no

4  evidence of malingering on the claimant's part, "the ALJ may reject the claimant's

5  testimony regarding the severity of her symptoms only if he makes specific

6  findings stating clear and convincing reasons for doing so." *Smolen,* 80 F.3d at

7  1283.

8    The Commissioner disputes that the ALJ's reasons for rejecting the

9  Claimant's testimony must be clear and convincing. According to the

10 Commissioner, this standard is inconsistent with 42 U.S.C. § 405(g) and gives

11 unwarranted special status to a claimant's own allegations.  ECF No. 18 at 6.

12   The Court need not resolve this dispute because the case law indicates that

13 the ALJ's reasons for rejecting the claimant's testimony need only be clear and

14 convincing where there is no affirmative evidence of malingering.  *Smolen,* 80

15 F.3d at 1283-84.  Such evidence exists here.  Both Dr. A. Peter Weir and Dr.

16 Dennis R. Pollack found evidence that Plaintiff exaggerated her difficulties.  ECF

17 No. 9 at 275-76 (Weir report); ECF No. 9 at 395 (Pollack report).  Accordingly,

18 the ALJ's reasons for discounting Plaintiff's testimony need only be supported by

19 substantial evidence.

20

ORDER **-** 8

1    In determining credibility, an ALJ may engage in ordinary techniques of

2 credibility evaluation, such as considering the claimant's reputation for

3 truthfulness and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400

4 F.3d 676, 680 (9th Cir. 2005). There are also numerous factors that an ALJ may

5 consider in weighing a claimant's credibility. The Ninth Circuit has provided some

6 examples of acceptable points of inquiry: (1) whether the claimant engages in

7 daily activities inconsistent with the alleged symptoms; (2) whether the claimant

8 takes medication or undergoes other treatment for the symptoms; (3) whether the

9 claimant fails to follow, without adequate explanation, a prescribed course of

10 treatment; and (4) whether the alleged symptoms are consistent with the medical

11 evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). As long as

12 the ALJ's findings are supported by substantial evidence, this Court may not

13 engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.

14 2002).

15    Relying on ordinary techniques of determining credibility, the ALJ

16 highlighted that Plaintiff provided inconsistent statements.  ECF No. 9 at 25. In

17 March 2011, she reported to Dr. Joan Davis that she is not able to perform

18 housework and her children do it for her.  ECF No. 9 at 25.  That was inconsistent

19 with her statement, 4 months later, in July 2011, when she reported to Dr. Weir

20

ORDER **-** 9

1   that she does all the cooking, housework, and laundry for herself and her family

2   and watches her 2-year-old child all day.  ECF No. 9 at 273.

3          As for the physical symptoms, the ALJ noted that the treatment of

4   Plaintiff's carpal tunnel syndrome was inexplicably delayed for almost 3 years

5   (January 2008 to September 2010) after a doctor recommended she undergo

6   carpal tunnel release surgery.  ECF No. 9 at 28.

7          Plaintiff faults the ALJ for not considering alternative explanations for her

8   failure to seek treatment.  Plaintiff asserts that the record reflects that she could

9   not afford the surgery when it was recommended in January 2008.  But even if

10  true, that fact does not explain why no other treatment besides the expensive

11  surgery was sought for almost 3 years while, according to her own testimony, her

12  pain was so bad she could not even tie her own shoes.  Other treatments, like

13  steroid injections, were available.  *See* ECF No. 9 at 49.

14         Further, this is not the only evidence on which the ALJ relied to find

15  Plaintiff not credible.  The ALJ looked at the entire record, which is replete with

16  support for an adverse credibility finding.  *See Batson v. Comm'r of Soc. Sec.*

17  *Admin,* 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ's error is harmless if, viewing

18  the record as a whole, it did not affect her decision).

19         As to the chronic lumbosacral strain, the ALJ looked to the reports from

20  various doctors and noted that the majority agreed that Plaintiff's actual, physical

ORDER - 10

limitations were much milder than she claimed.  ECF No. 9 at 28.  The ALJ noted that one observed Plaintiff walking at a normal pace, having no trouble getting into and out of her car or up onto the exam table, wearing flip flops, and had concluded that "her subjective complaints were out of proportion to objective findings".   ECF No. 9 at 29.   The same doctor noted Plaintiff exhibited "exaggerated pain behavior" during the examination.  ECF No. 9 at 29.

As for the mental symptoms, the ALJ noted that the majority of the psychological evaluators had concluded that Plaintiff was no more than mildly limited in her activities of daily living.  ECF No. 9 at 25.  Likewise, the majority of the evaluators concluded that Plaintiff was only mildly limited with regard to concentration, persistence, or pace.   While one evaluator did find "marked limitations" in this area, the ALJ noted that this conclusion was inconsistent with that evaluator's other conclusion that Plaintiff would have no trouble sustaining an ordinary routine while unsupervised.  ECF No. 9 at 32.  The ALJ further noted that Plaintiff had been referred to counseling to deal with her depression and anxiety but was discharged from counseling because she often cancelled or did not show up to appointments.  ECF No. 9 at 31.  The ALJ concluded that Plaintiff's "partial compliance with treatment suggests that her symptoms were not particularly troublesome."  ECF No. 9 at 31.

ORDER **-** 11

1    Plaintiff asserts that she quit attending counseling because it did not help.

2  This argument is inconsistent with the record.  Plaintiff's counselor opined that

3  Plaintiff's progress was "moderate due to attendance issues."  Plaintiff's counselor

4  noted that Plaintiff did make progress in self-care and parenting.  ECF No. 9 at

5  380.

6    Reviewing this record, the Court is satisfied that the ALJ's decision to find

7  Plaintiff's symptom testimony not credible is supported by substantial evidence.

8    2.    Opinion testimony

9    Plaintiff argues that the ALJ failed to properly consider and weigh the

10  medical opinion evidence in concluding that Plaintiff could perform jobs that exist

11  in significant numbers in the national economy.  Specifically, Plaintiff faults the

12  ALJ for (1) discounting Dr. Lahtinen's opinion as the treating physician, (2)

13  relying on Dr. Moore's opinion "in light of the substantial evidence from Ms.

14  Crozier's treating physicians" and (2) for affording no weight to Dr. Pollock's

15  opinion.  ECF No. 12 at 15; ECF No. 9 at 32.

16    In Social Security cases, there are three types of medical opinions: those

17  from treating physicians, examining physicians, and non-examining physicians.

18  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).   Opinions of treating

19  physicians are accorded greater weight than those of examining physicians, which

20  in turn are afforded greater weight than those of non-examining physicians.

ORDER **-** 12

1   *Lester,* 81 F.3d at 830.   To reject an opinion of either a treating or examining

2   physician, an ALJ must set forth specific and legitimate reasons that are supported

3   by substantial evidence in the record, even if the opinion is contradicted by

4   another doctor. *Lester,* 81 F.3d at 830–31.  If such an opinion is not contradicted

5   by another, then the ALJ must provide clear and convincing reasons for rejecting

6   it. *Lester,* 81 F.3d at 830.

7              *a.*      *Lahtinen opinion*

8         Duncan W. Lahtinen, D.O., has treated Plaintiff for a number of ailments

9   since September 8, 2010.  ECF No. 12.  On September 13, 2012, Dr. Lahtinen

10  opined that Plaintiff would be limited to sedentary work and "would not be

11  employable" given her combination of impairments.  ECF No. 9 at 386.

12        The ALJ discounted Dr. Lahtinen's opinion because it was based

13  exclusively on the Plaintiff's self-reports and unsupported by any objective

14  medical evidence.  A medical opinion of a treating physician that is based on a

15  claimant's own subjective complaint, which is discredited by the ALJ, can be

16  discounted. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

17        Dr. Lahtinen's conclusion that Plaintiff is not employable is contradicted by

18  every other medical opinion in this case and is not supported by objective medical

19  evidence.  As the ALJ found, "no other medical examiner opined that the claimant

20  would be limited to sedentary work."  ECF No. 9 at 30.  Dr. Weir opined that

ORDER - 13

Plaintiff was capable of standing for about six hours a day with breaks every two hours, lifting or carrying 20 pounds occasionally and 10 pounds frequently, and only occasionally stooping, crouching, or crawling.  ECF No. 9 at 276.  Dr. Moore agreed.  ECF No. 9 at 49.  Dr. Joan Davis opined that Plaintiff can perform both simple tasks as well as detailed or complex tasks and that she could perform work activities without special instructions.  ECF No. 9 at 234.  The ALJ also noted that Dr. Lahtinen's opinion was inconsistent with the "essentially unremarkable" x-rays on the record.  ECF No. 9 at 30.

The ALJ's decision to reject the treating physician's opinion that Plaintiff is not employable is supported by substantial evidence.

> b.    *Moore opinion*

Dr. Sterling Moore testified as a non-examining medical expert after reviewing Plaintiff's medical records.  Dr. Moore testified that, based on records, Plaintiff could lift and carry 10 to 20 pounds; stand and walk for up to 6 hours in an 8-hour day so long as she could sit or stand every 30 minutes for 1 to 2 minutes at a time; could not use ropes, ladders, or scaffolds; and could engage in gross and fine manipulation frequently.  ECF No. 9 at 49-50.

Plaintiff faults the ALJ for allowing Dr. Moore to testify as to her physical limitations because, since he had never examined her, he "would have no way to know what [her] limitations would be."  ECF No. 12 at 8.  But Dr. Moore did

1   have a way to know what her limitations are—he read her medical records.  And

2   his conclusions were echoed by Dr. Weir, an examining physician.

3              *c.*      *Pollock opinion*

4        Plaintiff also faults the ALJ for affording Dr. Pollock's opinion "no

5   weight."

6        Dr. Pollock conducted a psychological evaluation of Plaintiff in September

7   2012.  The ALJ did not discount Dr. Pollock's opinion entirely.  Rather, the ALJ

8   afforded no weight to Dr. Pollock's conclusion that Plaintiff would be "markedly

9   limited" in her ability to perform activities within a schedule, maintain attendance,

10  and complete a normal workweek without interruptions from psychological

11  symptoms.  ECF No. 9 at 32.

12       The ALJ's decision to afford no weight to this conclusion of Dr. Pollack is

13  supported by another, conflicting opinion.  ECF No. 9 at 30-31.  Dr. Joan Davis

14  evaluated Plaintiff on March 26, 2011.  ECF No. 9 at 231.  Dr. Davis found that

15  Plaintiff would have no difficulty performing even detailed or complex tasks, that

16  she could accept instructions, that she could work without special instructions,

17  that she would have no interference from a psychiatric diagnosis, and that she

18  could cope with usual workplace stressors.  ECF No. 9 at 234.  Both Dr. Pollock

19  and Dr. Davis were examining physicians.  The ALJ's decision to weigh their

20  conflicting testimony was supported by substantial evidence.

ORDER **-** 15

The Court concludes that the ALJ's decision to weigh the expert opinions is supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED**:

**1.**   Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

**2.**   Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

**3.**   **JUDGMENT** is to be entered in the Defendant's favor.

**4.**   The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of October 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2014\Crozier v  Colvin-0248\ord sum judg lc1 docx

ORDER **-** 16